JASON HARROW (CA State Bar No. 308560)
DAVIS WRIGHT TREMAINE LLP
865 S Figueroa Street, Suite 2400
Los Angeles, California  90017
Telephone:  (213) 633-6800
Facsimile:   (213) 633-6899
Email:       jasonharrow@dwt.com

JAMES C. GRANT (*pro hac vice* application to be filed)
  jamesgrant@dwt.com
AMBIKA K. DORAN (*pro hac vice* application to be filed)
  ambikadoran@dwt.com
ERIC M. STAHL (CA State Bar No. 292637)
  ericstahl@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Attorneys for HomeAway.com, Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOMEAWAY.COM, INC. <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SANTA MONICA, <br><br> Defendant. | Case No. 2:16-cv-06641 <br><br> **COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF SANTA MONICA MUNICIPAL CODE §§ 6.20.010-6.20.100** |

For its Complaint, Plaintiff HomeAway.com, Inc. ("HomeAway") alleges as follows:

## 1.  INTRODUCTION

1. Pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, HomeAway seeks to declare invalid and enjoin enforcement of Santa

1

1  Monica Ordinance No. 2484CCS,[1] which impermissibly burdens speech on the
2  Internet and threatens the privacy of online speakers in violation of the
3  Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230; the First, Fourth,
4  and Fourteenth Amendments of the United States Constitution; and the Stored
5  Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*.

6      2.    On May 12, 2015, the City of Santa Monica (the "City") enacted a
7  Short-Term Rental Ordinance, No. 2484CCS (the "Ordinance") purporting to permit
8  "home-sharing" but to ban "vacation rentals." The Ordinance also purports to
9  restrict the operation of "Hosting Platforms"—defined, in relevant part, as any
10 "marketplace" that "facilitates" and generates revenue from home-sharing or
11 vacation rental "through advertising, match-making or any other means[.]"
12 Ordinance § 6.20.010(b). The Ordinance imposes liability on Hosting Platforms for
13 their customers' speech, obligates Hosting Platforms to collect and remit the City's
14 Transient Occupancy Tax for rentals by owners, and requires Hosting Platforms to
15 collect and report to the City considerable information about owners, listings, and
16 rentals. Violations of the Ordinance are punishable by fines and criminal penalties.

17     3.    HomeAway operates several vacation rental websites that allow
18 individuals to search for and rent properties from listing owners. The Ordinance
19 violates state and federal law in numerous respects.

20     4.    The Ordinance violates Section 230 of the CDA. Designed to promote
21 free speech and commerce on the Internet, Section 230 prohibits websites from
22 being "treated as the publisher or speaker of any information" provided by a third
23 parties and expressly preempts inconsistent state laws. 47 U.S.C. §§ 230(c)(1) &
24 (e)(3). The Ordinance violates Section 230 because it requires Hosting Platforms to
25 screen all third-party listings before publishing.

26     5.    The Ordinance also violates the First and Fourteenth Amendments to
27 the United States Constitution. The Ordinance is a content-based restriction on
28

---

[1] A copy of the law is attached as Exhibit A.

2

DAVIS WRIGHT TREMAINE LLP

speech and therefore the City bears the burden of establishing, at a minimum, that the Ordinance furthers a substantial governmental interest and is narrowly tailored to achieve its purpose.  The Ordinance cannot satisfy First Amendment scrutiny because other means exist to encourage compliance with the City's short-term residential rental laws.

6. In addition, the First Amendment forbids the government from imposing criminal or civil liability on publishers for expressive content absent proof the publisher had knowledge that the specific content was illegal.  The Ordinance contains no *mens rea* requirement and instead imposes strict liability penalties on Hosting Platforms, in violation of the First Amendment.

7. Further, the Amended Ordinance is stated in such broad and vague terms that it fails to adequately inform websites of their obligations or what speech or other conduct is proscribed.  The Amended Ordinance is therefore unconstitutionally vague under the First Amendment.

8. Further, the Ordinance violates the Fourth Amendment to the United States Constitution and the SCA.  Requiring Hosting Platforms to collect and disclose information about listing owners without affording them an opportunity to challenge the requirement before a neutral decision-maker constitutes an impermissible search under the Fourth Amendment.  Designed to protect the privacy of stored Internet communications, the SCA prohibits the government from compelling services like HomeAway to disclose customer information without a subpoena or other legal process.  The Ordinance directly conflicts with this requirement because it requires no such process and yet mandates that Hosting Platforms disclose such information to the City.

9. Absent relief from the Court, HomeAway and other online providers will be faced with the burden of having to review all third-party listings to try to verify they comply with Santa Monica laws, or the Hobson's choice of instead blocking most or all listings to avoid the risk of criminal charges and civil penalties.

COMPLAINT
Case No. 2:16-cv-06641
DWT 30195835v7 0098221-000010

HomeAway and its users will incur irreparable harm if the Court does not enjoin enforcement of the Ordinance.

## I. PARTIES

10. Plaintiff HomeAway.com, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in Austin, Texas.

11. Defendant City of Santa Monica is a municipal corporation.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because HomeAway asserts claims under 42 U.S.C. § 1983 for violation of rights under the United States Constitution and federal law.

13. This Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual case or controversy within the Court's jurisdiction.

14. Venue is proper in this Court under 28 U.S.C. § 1391 because the defendant resides and is located in this judicial district and the State of California, and because a substantial part of the events giving rise to HomeAway's claims occurred in this judicial district.

15. The Clerk should assign this action to the Western Division because the action arises in and the defendant is a city in Los Angeles County.

## III. FACTUAL ALLEGATIONS

### HomeAway

16. Since 2006, HomeAway has operated an online forum that allows owners to list their properties available for short-term rental and allows travelers to search for and find available properties that meet their criteria.

17. HomeAway operates three short-term rental websites directed principally to individuals in the United States: HomeAway.com, VRBO.com, and

4

1  VacationRentals.com.  These websites together represent one of the largest vacation
2  rental distribution networks in the world.

3      18.    Through HomeAway's websites, travelers can search for fully
4  furnished, privately owned residential properties, including homes, condominiums,
5  villas, cabins, houseboats, and other properties that listing owners rent to the public
6  on a nightly, weekly, or monthly basis.  HomeAway's websites bring together
7  millions of travelers seeking short-term rentals with owners of more than one
8  million properties in all 50 states and 190 countries.

9      19.    Owners provide the content for the listings they post on the HomeAway
10 websites, including information about the property, amenities, and rental rates and
11 terms.  Listings are posted to the HomeAway websites almost immediately after
12 owners provide them.

13     20.    Travelers arrange reservations directly with listing owners.  Travelers
14 who find a property that meets their requirements may contact owners directly by
15 phone or through form-based communication tools on HomeAway's websites.
16 Owners decide to whom they rent, when they wish to rent, and how payments are
17 made.  Travelers pay owners directly or through third-party payment processors.

18     21.    Owners pay to advertise their properties on the HomeAway websites in
19 one of two ways.  First, owners can buy subscriptions to advertise their properties on
20 HomeAway's websites for a specified period, such as a year.  Second, owners may
21 pay for their listings on a pay-per-booking basis, paying a percentage of the cost of a
22 confirmed booking.

23     22.    HomeAway users agree "they are responsible for and agree to abide by
24 all laws, rules, ordinances, or regulations applicable to the listing of their rental
25 property and the conduct of their rental business, including but not limited to any
26 and all laws, rules, ordinances, regulations or other requirements relating to taxes,
27 credit cards, data and privacy, permits or license requirements, zoning ordinances,
28

5

safety compliance and compliance with all anti-discrimination and fair housing laws, as applicable."[2]

## The Ordinance

23. On April 15, 2015, the Santa Monica City Council "directed staff to draft an ordinance reaffirming the City's prohibition against vacation rentals while legalizing homesharing and imposing regulations on home-sharing uses." City of Santa Monica, City Council Report, April 28, 2015 at 1.[3] Notwithstanding the wording of this directive, Santa Monica had no prohibition on short-term vacation rentals of residential properties.

24. On April 28, 2015, the City Council introduced an ordinance "amending the Santa Monica Municipal Code adding Chapter 6.20 Home-Sharing, in order to establish regulations for short-term rental of a portion of a dwelling unit by the owner or tenant occupant." *Id.* at 5.

25. On May 12, 2015, the City Council enacted the Santa Monica Short-Term Rental Ordinance, Santa Monica Municipal Code §§ 6.20.010-6.20.100. The Ordinance took effect June 15, 2015.

26. The Ordinance "authorize[s]" "Home-Sharing," defined as "[a]n activity whereby the residents host visitors in their homes, for compensation, for periods of 30 consecutive days or less, while at least one of the dwelling unit's primary residents lives on-site, in the dwelling unit, throughout the visitors' stay," provided the home-sharing host complies with certain requirements, including obtaining a license, collecting and remitting the City's Transient Occupancy Tax ("TOT"), and complying with permit conditions, applicable laws, and regulations in the Ordinance. *See generally* Ordinance. The Ordinance bans "Vacation Rental activity," defined as "[r]ental of any dwelling unit, in whole or in part, within the

---

[2] *See* HomeAway Terms and Conditions ¶ 1, https://www.homeaway.com/info/about-us/legal/terms-conditions (last visited August 31, 2016).

[3] *See* http://www.smgov.net/departments/council/agendas/2015/20150428/p20150428.pdf (last visited August 31, 2016).

6

COMPLAINT
Case No. 2:16-cv-06641
DWT 30195835v7 0098221-000010

1  City of Santa Monica, to any person(s) for exclusive transient use of 30 consecutive days or less, whereby the unit is only approved for permanent residential occupancy and not approved for transient occupancy or Home-Sharing as authorized by this Chapter." *Id.* §§ 6.20.010(c); 6.20.030

27. The Ordinance makes it unlawful for any person, "including any hosting platform operator," to "undertake, maintain, authorize, aid, facilitate or advertise any Home-Sharing activity that does not comply" with the home-sharing provisions of the Ordinance, or "any Vacation Rental activity." *Id.* § 6.20.030(a).

28. The Ordinance also provides that a Hosting Platform is "responsible for collecting all applicable TOTs and remitting the same to the City" and "shall be considered an agent of the host for purposes of TOT collections and remittance responsibilities." SMMC § 6.20.050(a). This expands the underlying TOT ordinance, which imposed obligations to collect and remit taxes only on the "person receiving any payment for room rental with respect to which a tax is levied . . . from the person paying for such room rental[.]" SMMC § 6.68.040.

29. Finally, the Ordinance requires Hosting Platforms to "[d]isclose to the City on a regular basis each home-sharing and vacation rental listing located in the City, the names of the persons responsible for each such listing, the address of each such listing, the length of stay for each such listing and the price paid for each stay." Ordinance § 6.20.050(b). The Ordinance imposes no requirements that the City obtain a warrant or provide notice to the Hosting Platforms' customers or obtain a subpoena or court order before requiring disclosure.

30. Violations of the Ordinance are punishable by fines of up to $250 per infraction and other administrative fines and penalties. Ordinance § 6.20.100(a), (c). A violation may also be a criminal misdemeanor, punishable by fines up to $500 and imprisonment up to six months. *Id.* § 6.20.100(a). The Ordinance gives "[a]ny interested party" the right to "seek an injunction or other relief to prevent or remedy violations" with prevailing-party attorney's fee recovery. *Id.* § 6.20.100(d).

7

31. On July 1, 2016, "Home-Sharing Ordinance Rules" took effect.[4] These rules impose additional restrictions and obligations on Hosting Platforms and short-term rental hosts.

32. On November 25, 2015, the City sent a letter and issued five citations to HomeAway, alleging HomeAway had violated the Ordinance by permitting ads for vacation rentals in Santa Monica. On December 22, 2015, the City sent another letter to HomeAway, issuing five more citations because HomeAway had not removed the listings identified in the November 25th letter. On December 22, 2015, the City also issued an additional 143 citations to HomeAway. HomeAway paid the resulting fines of more than $10,000 under protest.

## IV.   CLAIMS FOR RELIEF

### CLAIM I:  VIOLATION OF AND PREEMPTION UNDER THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 230, PURSUANT TO 42 U.S.C. § 1983

33. HomeAway incorporates all previous paragraphs as if fully set forth herein.

34. HomeAway is an "interactive computer service" within the meaning of 47 U.S.C. § 230 because it operates interactive websites.

35. The Ordinance violates HomeAway's rights under 47 U.S.C. § 230(c)(1) because enforcement of the Ordinance would treat it as the publisher or speaker of information provided by other information content providers, i.e., owners listing their properties for rental through HomeAway's websites.

36. The Ordinance is a "State . . . law that is inconsistent with" Section 230, in direct violation of 47 U.S.C. § 230(e)(3).

37. The Ordinance violates and is preempted by Section 230, and it therefore should be enjoined and declared invalid.

---

[4] *See* https://www.smgov.net/uploadedFiles/Departments/PCD/Permits/Santa%20Monica%20HomeSharing%20Rules%20-%20FINAL%20EFFECTIVE%20JUNE%2012%202015.pdf (last visited August 31, 2016).

8
COMPLAINT
Case No. 2:16-cv-06641
DWT 30195835v7 0098221-000010

## CLAIM II: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

38. HomeAway incorporates all previous paragraphs as if fully set forth herein.

39. The Ordinance is invalid under the First and Fourteenth Amendments because it is a content-based restriction that impermissibly chills a substantial amount of protected speech and is not narrowly tailored to achieve a substantial governmental interest of the City.

40. The Ordinance is invalid under the First and Fourteenth Amendments because it purports to impose strict criminal and civil liability on websites for publishing speech without any requirement of scienter.

41. The Amended Ordinance is invalid under the First and Fourteenth Amendments because it fails to give persons of ordinary intelligence adequate notice of what speech it proscribes and is therefore unconstitutionally vague.

## CLAIM III: VIOLATION OF AND PREEMPTION UNDER THE STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701 *ET SEQ.*, PURSUANT TO 42 U.S.C. § 1983

42. HomeAway incorporates all previous paragraphs as if fully set forth herein.

43. HomeAway is a provider of electronic communication services under the SCA because it provides users "the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). HomeAway is also a provider of remote computing services because it provides users "computer storage or processing services by means of an electronic communications system." *Id.* § 2711(2).

44. Under the SCA, "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any governmental entity," without a subpoena or other legal process. *Id.* §§ 2702(a)(3), (c)(1); 2703(c).

45. The Ordinance violates, conflicts with, and is preempted by the SCA because it requires HomeAway to "divulge a record or other information pertaining to a subscriber to or customer of such service" to a "governmental entity," without a subpoena or other legal process. *Id.* §§ 2702(a)(3), (c)(1); 2703(c). *See* Ordinance § 6.20.050(b).

**CLAIM IV: VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983**

46. HomeAway incorporates all previous paragraphs as if fully set forth herein.

47. This Ordinance violates the Fourth Amendment of the Constitution because it constitutes an unreasonable search by compelling HomeAway to disclose to the City sensitive, private business records and other information in which HomeAway has a reasonable expectation of privacy, without prior judicial authorization or pre-compliance review, upon penalty of criminal sanctions. *See* Ordinance § 6.020.050(b).

**CLAIM V: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

48. HomeAway incorporates all previous paragraphs as if fully set forth herein.

49. This action presents an actual case or controversy between HomeAway and the City concerning the validity and enforceability of the Ordinance.

50. Because the Ordinance violates Section 230, 47 U.S.C. § 230, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, HomeAway asks for a declaration pursuant to 28 U.S.C. § 2201 that the law is invalid and unenforceable.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HomeAway.com, Inc. respectfully requests that the Court:

10

COMPLAINT
Case No. 2:16-cv-06641
DWT 30195835v7 0098221-000010

1. Declare that the Ordinance, as applied to hosting platforms, is preempted and invalidated by 47 U.S.C. § 230, 18 U.S.C. § 2701 *et seq.*, and the First, Fourth, and Fourteenth Amendments to the United States Constitution, and is therefore invalid and unenforceable;

2. Preliminarily and permanently enjoin the City and its respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them, from taking any actions to enforce the Ordinance against HomeAway;

3. Award HomeAway its reasonable costs and attorneys' fees under 42 U.S.C. § 1988; and

4. Award HomeAway other and further relief as the Court deems just and proper.

DATED this 2nd day of September, 2016.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:    */s/ Eric M. Stahl*
Jason Harrow
865 S Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
jasonharrow@dwt.com

James C. Grant (*pro hac vice*)
Ambika K. Doran (*pro hac vice*)
Eric M. Stahl (CA State Bar No. 292637)
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 757-8096
Facsimile: (206) 757-7096
jimgrant@dwt.com
ambikadoran@dwt.com
ericstahl@dwt.com

Attorneys for Plaintiff HomeAway.com, Inc.

COMPLAINT
Case No. 2:16-cv-06641
DWT 30195835v7 0098221-000010